No. 3230

Second Circuit

TENSAS MOTOR CO. v. BLACKMAN

(April 9, 1931. Opinion and Decree.)

Dickson & Denny, of Shreveport, attorneys for plaintiff-appellee-appellant.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendant-appellee-appellant.

DREW, J. Plaintiff alleges that defendant is indebted unto it in the sum of $191.65 on open account, and in the further sum of $345.08, represented by one note, that the open account represents goods and merchandise sold to J. B. Lee, a resident of Tallulah, La., and the note was given by J. B. Lee for goods, wares and merchandise sold by plaintiff to Lee, and that the defendant agreed in writing to pay the note and open account of Lee. It alleged amicable demand, and prays for judgment for the full sum of the note, with interest and attorney's fees, and for the full amount of the open account.

Defendant admits that he agreed in writing to pay the note, but that his agreement was based on the assumption that the note was given for supplies furnished by plaintiff to Lee to be used in the making of a crop on defendant's plantation; that he has since learned that the goods for which the note was given were purchased in the year 1925, and before he (the defendant) took charge of the plantation in January, 1926; that, on account of this error of fact, he declines to be bound by said written agreement; that he was in no way responsible for the said error of fact; and that same was brought about by representations of plaintiff. He denies that he had ever agreed to pay the open account of J. B. Lee that was made after March 17, 1926; and alleges that he had paid the open account owed by J. B. Lee to plaintiff up to and including that date.

There was judgment in the lower court for the full amount of the open account and for $165.41 on the note. From this judgment both plaintiff and defendant have appealed.

On March 17, 1926, J. B. Lee's account with plaintiff was $624.75, consisting of one note for $345.08, and open account for $279.67, and on that date defendant addressed the following letter to plaintiff:

"March 17, 1926.
"Tensas Motor Co., St. Joseph, La.

"Gentlemen: We are enclosing you herewith our check for $279.67 payment on account J. B. Lee, Hapaca Plantation, the balance I believe you have in the shape of a note signed by Mr. Lee and which I also agree to see paid, but on account of Mr. Lee's having made very many more and larger bills than either he or I had expected.

"We are going to ask your indulgence on this balance for a little while.

"Yours very truly, R. H. Blackman."

This letter is clearly a promise by defendant to pay the note made by J. B. Lee and held by plaintiff, and, unless the plea of error of fact made by defendant can be sustained, he is liable on the note.

The itemized list of merchandise for which the note was given is filed in evidence, and shows that a great portion of it was purchased prior to January 1, 1926, and before defendant took charge of the plantation. It is contended by plaintiff and Lee that all of this merchandise was used in preparing the land for the 1926 crop, moving tenants, etc. However, the lower court deducted certain items, consisting principally of gasoline, holding that it did not go into the preparation of the land for the crop of 1926. It is claimed by plaintiff that the gasoline was used to operate the tractors in breaking the land. The evidence is very conflicting on this point, and it is shown that defendant did not take charge of the plantation until about the 1st of the year, 1926, and did not give any orders for the land to be broken, if any was broken, before January 1, 1926. The deduction for the gasoline was properly made.

One other item of $1.50, for a universal joint, is made, and we cannot say it is

incorrect. Defendant, when he agreed to pay the note, thought that it covered only supplies used in making the crop of 1926, and was therefore in error as to the facts, and is entitled to the deduction granted by the lower court. The other items covered by the note were found by the lower court to have been used on the plantation in making the 1926 crop. It is purely a question of fact, and we are unable to say that the lower court was in error in so holding. Therefore that part of the judgment on the note will have to be affirmed.

The open account sued on is for goods purchased between the dates of April 16, 1926, and May 4, 1926, all of which defendant, in letter of February 18, 1927, agreed to pay. The letter reads as follows:

"February 18, 1927.
"Tensas Motor Co., St. Joseph, La.
"Gentlemen: After thoroughly going over the matter with my attorney here, and reading him the entire correspondence, I propose to pay for the merchandise purchased by J. B. Lee after January, 1926, when I purchased the place. The note for $345.00. I disclaim any responsibility whatever for in as much as it was for merchandise purchased while G. T. Shawl owned the property and before I ever owned it.
"You may advise if this is satisfactory.
"Yours very truly,   R. H. Blackman."

This is clearly a promise to pay the open account of J. B. Lee, covering goods purchased after January 1, 1926, and is binding on defendant. Therefore that part of the judgment of the lower court on the open account is correct.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court appealed from be affirmed, with all costs, and that Mrs. R. H. Blackman, administratrix of the succession of R. H. Blackman, be substituted as party defendant.

McGREGOR, J., recused.